UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| BRIAN JOHNSON, <br> Institutional ID No. 1057464 <br><br> Plaintiff, <br><br> v. <br><br> BRIAN A. MINOSH, *et al.*, <br><br> Defendants. | No. 1:20-CV-00134-H |

### ORDER ACCEPTING WITH MODIFICATIONS THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) that the Court (1) dismiss any official-capacity claims against Defendants Sauceda, Stinnett, Burkhart, Minosh, and Langdon, (2) grant in part and deny in part Defendants Sauceda and Stinnett's motion to dismiss (Dkt. No. 22), and (3) enter a limited scheduling order for dispositive motions on qualified immunity as to the remaining claims. (Dkt. No. 33.) No objections were filed. The District Court independently examined the record and reviewed the findings, conclusions, and recommendation for plain error.

Finding none, the Court accepts and adopts the findings, conclusions, and recommendation of the United States Magistrate Judge. But upon review of the record in this case, the Court finds it necessary to supplement those findings and conclusions with additional discussion of Plaintiff's failure to timely serve Defendant Miguel Langdon and the Court's obligations under Rule 4(m).

1.  **Rule 4(m)**

"[T]he court—on motion or on its own after notice to the plaintiff—*must* dismiss . . . without prejudice" claims against a defendant that was not timely served. Fed. R. Civ. P. 4(m). The court may extend the time for service for an appropriate period if the plaintiff shows good cause. *Id.* But ultimately, the plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). *See* Fed. R. Civ. P. 4(c)(1); *See also Coleman v. Groom*, No. 3:19-cv-1155, 2019 WL 5069065, at *3 (N.D. Tex. Sept. 18, 2019) (recognizing that a delay the proceedings was attributable to the pro se plaintiff alone, warranting dismissal) *adopted* 2019 WL 5068169 (N.D. Tex. Oct. 9, 2019).

When the statute of limitations acts to bar future litigation, a dismissal without prejudice operates as a dismissal with prejudice, and the court is required to apply a higher standard of review. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016). Dismissal with prejudice "is appropriate when there is a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice." *Id.* (internal quotation marks omitted) (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008).

2.  **Discussion**

The Court first directed service on the defendants on July 30, 2021. (Dkt. No. 14.) Plaintiff first received notice that there was a defect in service on Defendant Miguel Langdon on August 30, 2021, when the Texas Attorney General's Office (OAG) filed an amicus curiae advisory explaining that Defendant Langdon is no longer employed by the Texas Department of Criminal Justice and the OAG lacked authority to accept service on

his behalf. (Dkt. No. 20.) The same day, and as referenced in the amicus curiae advisory, the OAG filed Defendant Langdon's last-known address under seal. (Dkt. No. 21.)

The Court again directed service on Defendant Langdon at his last-known address on August 31, 2021. (Dkt. No. 25.) But the Court's second attempt at service was unsuccessful. And Plaintiff again received notice of the defect in service when the summons was returned unexecuted on September 29, 2021. (Dkt. No. 27.) More than ten months have passed since Plaintiff learned that the second attempt at service on Defendant Langdon failed. In that time, Plaintiff has not cured the defect or made any attempt to do so. The Court cannot direct further service attempts without a reliable address where Defendant Langdon may be found. The responsibility to effect service rests on Plaintiff, and the delay is solely attributable to him. The Court concludes that Plaintiff cannot cure the defect.

The Court has already extended the time for serving Defendant Langdon well beyond the "appropriate period" contemplated by Rule 4(m). Plaintiff has failed to show good cause to extend it further, and the Court has no reason to believe that further extensions would be effective. The case is otherwise ready to proceed to the next stage of litigation. The remaining defendants have appeared and answered the complaint, and the Court finds that they would be prejudiced by any further delay. Thus, the Court finds that Plaintiff's claims against Defendant Miguel Langdon must be dismissed without prejudice under Rule 4(m).[1]

The Court therefore orders:

1. Plaintiff's official-capacity claims against all remaining defendants are dismissed with prejudice under 28 U.S.C. §§ 1915 and 1915A for failure to state a claim upon which relief may be granted.

---

[1] The Court will not enter judgment on this claim at this time. If Plaintiff provides the Court—within 28 days of the date of this order—with a reliable address where Defendant Langdon may be served, the Court will reopen Plaintiff's claims against Defendant Langdon and direct service accordingly.

2. Plaintiff's due-process claims against Defendants Sauceda and Stinnett are dismissed with prejudice for failure to state a claim.

3. There is no just reason for delay in entering a final judgment and final judgment shall be entered as to the above-named Defendants and claims pursuant to Federal Rule of Civil Procedure 54(b). Final Judgment will be entered accordingly.

4. Plaintiff's claims against Defendant Langdon are dismissed without prejudice under Rule 4(m).

5. Defendants Sauceda and Stinnett's motion to dismiss Plaintiff's official-capacity claims against them under Rule 12(b)(1) is denied as moot. Defendants Sauceda and Stinnett's motion to dismiss Plaintiff's excessive-use-of-force claims under Rule 12(b)(6) is denied for the reasons stated in the FCR.[2]

The Court will enter a separate limited scheduling order for the purpose of making a preliminary determination on qualified immunity as to Plaintiff's remaining excessive-use-of-force claims.

So ordered.

Dated August 30, 2022.

_____
JAMES WESLEY HENDRIX
United States District Judge

---

[2] This denial does not prejudice Defendants Sauceda and Stinnett's right to reassert the defense of qualified immunity consistent with the Court's forthcoming limited scheduling order.